```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AARON RAMEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-1445 (JBS/JS) |
| v. | |
| BURLINGTON CAR CONNECTION, INC., et al. | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on Defendant Burlington Car Connection, Inc.'s motion to dismiss the Complaint and refer to arbitration. [Docket Item 36.] THE COURT FINDS AS FOLLOWS:

1. On April 30, 2010, Plaintiff Aaron Ramey filed his First Amended Complaint against Defendant Burlington Car Connection,[1] [Docket Item 31] alleging violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1, <u>et seq.</u> and the Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691.

2. The Complaint arises out of Plaintiff's purchase and financing of a 2008 Kia Spectra at Defendant's dealership in February of 2008.  (Am. Compl. ¶¶ 11-37.)  Plaintiff alleges that

---

[1] Plaintiff also named as defendants Capital One Auto Finance, Inc. and John Does 1-10.  On May 27, 2010, Plaintiff stipulated to a voluntary dismissal with prejudice against Defendant Capital One. [Docket Item 39.] Additionally, Plaintiff has not identified or served individual defendants John Does 1-10.  Consequently, the Court will use the title "Defendant" in this Memorandum Opinion to refer exclusively to Defendant Burlington Car Connection.

he purchased the vehicle as a result of Defendant's various misrepresentations (id. ¶ 32), resulting in Plaintiff being unable to afford the vehicle's insurance and car payments, leading to the car's repossession. (Id. ¶ 36-42.)

3. On May 14, 2010, Defendant moved this Court to dismiss the action and refer the case to arbitration pursuant to an arbitration agreement included in Plaintiff's automobile retail order form. (Def.'s Mot. Dismiss at 2.) Defendant attaches a copy of one page of the purchase documents, which includes the arbitration agreement. (Ex. A to Def.'s Mot. Dismiss.) The authenticity of this document is uncontested by Plaintiff. See Pl.'s Opp'n Br. at 1 (quoting from the "actual arbitration provision" as attached in Def.'s Ex. A). Reference to this document was first made in Plaintiff's Amended Complaint, where he pleads that he signed "the purchase documents" (Am. Compl. ¶ 32).

4. The arbitration agreement provision is contained in a single paragraph located immediately above Plaintiff's signature. The provision states, in relevant part, "AGREEMENT TO ARBITRATE ANY CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY, IT LIMITS YOUR RIGHTS, INCLUDING THE RIGHT TO MAINTAIN A COURT ACTION. The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or

relating to the sale or lease identified in this agreement.  By agreeing to arbitration, the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceeding, to settle their disputes. Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of claims subject to arbitration under this agreement. . . . Each party shall bear his or her own attorney, expert, and other fees and costs, except when awarded by the arbitrator under applicable law."  (Def.'s Ex. A.)

    5.   The Court treats Defendant's motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Palcko v. Airborne Express, Inc.</u>, 372 F.3d 588, 597 (3d Cir. 2004) ("Our prior decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted.").  In considering a 12(b)(6) motion, the Court may consider allegations in the Complaint, exhibits attached to the Complaint, and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Rossman v. Fleet Bank (R.I.) Nat. Ass'n</u>, 280 F.3d 384, 388 n.4 (3d Cir. 2002).

    6.   When considering a motion to dismiss and compel arbitration, this Court's review is narrow.  <u>John Hancock Mut.</u>

Life Ins. Co. v. Olick, 151 F.3d 132, 137 (3d Cir. 1998).  The Third Circuit has made clear that district courts must "engage in limited review to ensure that the dispute is arbitrable--i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."  Id. at 137 (internal quotation marks and citation omitted).

7.  In this case, Plaintiff argues both (1) that the agreement is not valid because it is unconscionable and (2) that his claim does not fall within the substantive scope of the agreement and is therefore not subject to arbitration.

8.  Regarding unconscionability, Plaintiff argues that the agreement is not enforceable because the provision regarding fees and costs makes arbitration prohibitively expensive.  Pointing to the sentence in the arbitration provision regarding attorney fees and costs, Plaintiff argues that the cost of bearing his own "attorney, expert and other fees and costs" in arbitration will cause him to abandon his action.  (Pl.'s Opp'n at 2.)  The Court finds, Plaintiff's conclusory allegation notwithstanding, that the arbitration agreement is valid, and Plaintiff has not sufficiently alleged it to be unconscionable.

9.  The Court determines the validity of the arbitration agreement under ordinary state contract law principles.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Federal and New Jersey law favor arbitration as a means of resolving disputes when interpreting such agreements.  See Federal Arbitration Act, 9 U.S.C. §§ 1-16; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Delta Funding Corp. v. Harris, 912 A.2d 104, 110 (N.J. 2006).  Nevertheless, in order for an arbitration agreement to be binding, and require dismissal of any claims presented to the Court, it must meet the same requirements of state contract law as all other agreements, which includes the doctrine of unconscionability.  Homa v. American Express, 558 F.3d 225, 229 (3d Cir. 2009).

    10.  While an arbitration agreement that, due to exorbitant costs, prevents a party "from effectively vindicating her federal statutory rights in the arbitral forum" is void as unconscionable, the burden lies on the plaintiff seeking to invalidate the agreement to allege a likelihood of incurring such costs.  Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 92 (2000).  The Third Circuit has determined that, to meet this burden, "a plaintiff must (1) come forward with some evidence to show the projected fees that would apply to their specific arbitrations, and (2) show the party's inability to pay those costs."  Hall v. Treasure Bay Virgin Islands Corp., 371 Fed. Appx. 311, 313 (3d Cir. 2010) (citing Parilla v. IAP Worldwide Serv., 368 F.3d 269, 283-85 (3d Cir. 2004)).  Here, Plaintiff has

not alleged that such facts exist.  For example, Plaintiff has not alleged that he could not afford to pursue his claims in arbitration; he alleges only that he would abandon the action if dismissed to arbitration because of the cost.  Additionally, he has not explained why his fees under arbitration would be any more onerous than he currently faces under civil litigation.  In the present case, for example, a plaintiff must bear his or her own statutory filing fee of $350.00, his or her attorney's fees, the fees of any experts plaintiff retains, and incidental costs such as costs of service of process and deposition transcripts.  These costs and fees, in whole or in part, may be subject to fee-shifting if the plaintiff prevails, but not otherwise.  Likewise, in the arbitration agreement, the arbitrator applies the same underlying statutes and may award fee shifting to a successful plaintiff to the same extent as the statutes provide, because the agreement itself states: "Each party shall bear his or her own attorney, expert, and other fees and costs, except where awarded by the arbitrator under applicable law."  From the pleadings before the Court, it is not at all apparent that the arbitration would be more costly to plaintiff than remaining in federal court, let alone that the arbitration costs would be "unconscionable."  Thus, Plaintiff's conclusory averral is not enough to suggest that the arbitration agreement is unenforceable because of unconscionability.

11.  Regarding the scope of the arbitration agreement, Plaintiff argues that his claim falls outside the scope of the agreement because his claim arises out of the financing of the car, while the arbitration agreement only covers disputes about the sale or lease of the car.  Plaintiff points to language regarding financing that was incorrectly quoted by Defendant in its Brief: "The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to the purchase or lease identified in this Motion Vehicle Retail Order and the financing thereof."  (Def.'s Mot. Dismiss at 5.)  This language, Plaintiff correctly notes, does not exist in precisely this form in the agreement Plaintiff signed.  Significantly to Plaintiff's argument, the phrase "and the financing thereof" is absent from the relevant agreement in this case.  The absence of this language, Plaintiff argues, restricts the agreement from reaching any disputes over financing.[2]  This reading of the arbitration agreement runs

---

[2] Plaintiff additionally argues that the agreement's drafting history (as described by Defendant in its Brief) indicates that the phrase's omission should be given more weight. Even if the Court could consider facts about the agreement's drafting history not contained in the pleadings or the four corners of the agreement itself, the Court would not be persuaded by this argument because, as explained below, the shorter, simpler language included in Plaintiff's agreement still plainly covers disputes over financing that arise out of a car's purchase.  Thus, even if Defendant did remove the phrase about financing "with full cognizance of Gras and Griffin" (Pl.'s Opp'n

contrary to legal authority and grammatical interpretation.

    12. The agreement's terms encompass Plaintiff's claim. The agreement states that it covers disputes that "arise out of or relating to the sale or lease identified in this agreement." (Def.'s Ex. A.) A dispute "arises" from an event when the dispute "result[s] from" that event. Oxford English Dictionary "arise" (2d ed. 1989). A dispute "relates to" an event when the dispute "ha[s] some connection with" the event. Oxford English Dictionary "relate" (Draft Revision 2010). In the present case, Plaintiff applied for financing for the Kia Spectra because he wanted to purchase the vehicle. (Am. Compl. ¶¶ 24-25.) Thus, the financing resulted from the purchase, and was inextricably connected to that purchase. Any reasonable interpretation of the arbitration provision finds that it encompasses a dispute over the financing that was necessitated by the sale of the subject automobile. State and federal caselaw also supports interpreting broad arbitration clauses like this one expansively. See Salvadori v. Option One Mortgage Corp., 420 F. Supp. 2d 349, 356 (D.N.J. 2006) (interpreting arbitration agreement encompassing "any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan" broadly); In re Prudential Ins. Co. of America Sales Practice Litigation All Agent Actions,

---

at 2), the agreement's plain and broad scope would suffice to bar Plaintiff's claims from resolution in this Court.

133 F.3d 225, 231 (3d Cir. 1998) ("when it cannot be said with positive assurance that the parties have clearly and unequivocally excepted a certain dispute from arbitration, the court must compel arbitration") (internal quotation marks omitted); Leodori v. Cigna Corp., 814 A.2d 1098, 1105 (N.J. 2003) (liberally interpreting broad arbitration clause).

13. The Court therefore concludes that Plaintiff's claims against Defendant Burlington Car Connection are subject to the arbitration agreement and must be dismissed. Defendant's motion to dismiss and refer to arbitration will be granted. As Defendant Burlington Car Connection is the sole remaining defendant present in this action, the action will be dismissed without prejudice and the docket closed pending arbitration. The accompanying Order will be entered.

**October 25, 2010**                s/ Jerome B. Simandle
Date                              JEROME B. SIMANDLE
                                  United States District Judge